UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANIEL J.,[1]

                                                   Plaintiff,                Case # 22-CV-6580-FPG

v.                                                                    DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                 Defendant.
_____

## INTRODUCTION

Plaintiff Daniel J. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 11, 14. For the reasons that follow, the Commissioner's motion is GRANTED, and Plaintiff's motion is DENIED.

## BACKGROUND

In June 2020, Plaintiff applied for DIB with the Social Security Administration ("the SSA"). Tr.[2] 154. He alleged disability since September 2019. *Id.* In November 2021, Administrative Law Judge Seth J. Grossman ("the ALJ") issued a decision finding that Plaintiff is not disabled. Tr. 22-44. In October 2022, the Appeals Council denied Plaintiff's request for review. Tr. 1-4. This action seeks review of the Commissioner's final decision. ECF No. 1.

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 5.

**LEGAL STANDARD**

I. **District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted).

II. **Disability Determination**

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 24. At step two, the ALJ found that Plaintiff has several severe impairments, including headaches. *Id.* At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any Listings impairment. Tr. 26.

Next, the ALJ determined that Plaintiff retained the RFC to perform a reduced range of sedentary work.  Tr. 28.  At step four, the ALJ found that Plaintiff could not perform any past relevant work.  Tr. 43.  At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform.  Tr. 43-44.  Accordingly, the ALJ concluded that Plaintiff is not disabled.  Tr. 44.

## II. Analysis

Plaintiff argues that remand is warranted on several grounds.  The Court analyzes each ground in turn.

### a. Headaches

Plaintiff argues that the ALJ erroneously failed to include off-task or absenteeism limitations due to his headaches.  ECF No. 11-1 at 21-27.  Because Plaintiff's argument amounts to no more than a disagreement with the manner in which the ALJ resolved factual conflicts in the record, remand is not warranted.

In September 2019, Plaintiff was involved in a serious motorcycle accident, during which he was thrown from his motorcycle.  Tr. 955.  Nine days after the accident, Plaintiff visited a hospital, complaining of headaches with symptoms of "drilling" pain and photophobia.  Tr. 530.  Plaintiff's headache resolved with pain medication.  Tr. 533.

Over the next two years, Plaintiff regularly sought and received treatment for headaches and migraines.  The severity of these headaches, and their responsiveness to treatment, is not consistent.  Through Fall 2019, Plaintiff reported that his headaches were improving, particularly with medication.  *See* Tr. 467, 472, 483, 497.  In January 2020, Plaintiff reported that he was "doing well," that the medication made "a very big difference," and that he had "only had 2 headaches in the last month."  Tr. 458.  In June 2020, Plaintiff complained that his headaches

4

had returned once he ran out of his medication. Tr. 667. Plaintiff was prescribed more medication. Tr. 668. In July 2020, Plaintiff stated that he suffered from one headache "every day for part of the day" and "severe headaches 5 times a month." Tr. 657. The "daily" headaches caused "2-4/10" pain, while the severe headaches "reache[d] 7-8/10 at the worst." *Id.* Plaintiff did report that increasing his medication helped. *Id.* Later in July, Plaintiff indicated that his headaches were "occasional" and that medication was effective. Tr. 650.

In September 2020, Plaintiff disclosed that, although he was "not doing well" overall, his headaches were "doing better" and that he was free from daily headaches. Tr. 638. Plaintiff had two consultative examinations that month. Psychiatric consultative examiner Adam Brownfeld, Ph.D., opined that Plaintiff was mildly limited in his ability to sustain an ordinary routine and regular attendance at work. Tr. 725. Internal-medicine consultative examiner Harbinder Toor, M.D., opined that "[p]ain and headache can interfere with [Plaintiff's] routine," without further elaboration. Tr. 721.

In November 2020, Plaintiff complained that his headaches were "present every day" and migraines occurred "1-2 days per week." Tr. 841. Plaintiff had not refilled one of the medications that he had previously found effective. Tr. 841-42. The medical provider refilled the prescription and modified his medications. Tr. 845. In February 2021, Plaintiff informed his provider that, initially, these medications had helped, but his headaches and migraines had then become more frequent. Tr. 920. This increase in symptoms coincided with Plaintiff's failure to refill some of his other pain medications. Tr. 924. In May 2021, Plaintiff reported that his headaches were a "little better" and that he was suffering from a few "minor headaches" each week and one migraine every one to two weeks. Tr. 915.

In August 2021, Plaintiff stated that, after his neck surgery, he noticed improvements to his headache symptoms. Tr. 1012. Plaintiff only suffered one migraine per week, which was "tolerable" with medication. *Id.*; *see also* Tr. 1016 (noting "significant improvement" in headaches). At the hearing that month, however, Plaintiff maintained that he had "daily headaches" and "at least one migraine a week, if not two or three." Tr. 107. Plaintiff acknowledged that his medications helped. Tr. 108.

After reviewing the record, the ALJ concluded that Plaintiff's headaches were "well controlled with medication." Tr. 31. The ALJ did not include any off-task or absenteeism restrictions related to Plaintiff's headaches. Tr. 28. This was consistent with the opinions of state-agency consultant K. Gallagher, M.D., *see* Tr. 148-49, and impartial medical expert John Sabow, M.D., Tr. 82, 85.

On appeal, Plaintiff marshals evidence from the record to argue that his headaches were disabling, even with medication. ECF No. 11-1 at 22-27. The Court need not summarize Plaintiff's contrary evidence at length; it may be granted that Plaintiff's preferred inference—that his headaches would have interfered with his ability to remain on task and to attend work—may be plausibly derived from the factual record. Even so, "under the substantial evidence standard of review, it is not enough for [P]laintiff to merely disagree with the ALJ's weighing of the evidence or to argue that evidence in the record could support his position." *Gonzalez-Cruz v. Comm'r of Social Sec.*, 294 F. Supp. 3d 164, 187 (W.D.N.Y. 2018). A claimant cannot obtain remand merely by citing "evidence that arguably supports more restrictive limitation"; he must "articulate how the ALJ's [contrary] finding . . . was erroneous." *Piotrowski v. Comm'r of Soc. Sec.*, No. 18-CV-6075, 2019 WL 2266797, at *6 (W.D.N.Y. May 28, 2019) (emphasis added).

6

Plaintiff has not met this burden. As discussed above, there was evidence in the record to support the ALJ's view that Plaintiff's headaches were well-controlled with medication. Two medical opinions supported the ALJ's decision to omit any off-task or absenteeism limitation with respect to his headaches. Because the ALJ's conclusion is "reasonably supported by the record, it "must be given conclusive effect" even if "the administrative record may also adequately support contrary findings on particular issues." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010).

Remand is not warranted on this ground.[3]

### b. Frequency of Medical Treatment

Plaintiff observes that, during the 27 months covered by the ALJ's decision, he underwent six surgeries and attended numerous appointments for his conditions. *See* ECF No. 11-1 at 27-28. Given the frequency of the treatment that he undertook, Plaintiff argues that he was "unemployable during the relevant period," since one cannot sustain regular employment if one is "expected to miss four days of work or more per month." *Id.* at 28 (citing vocational expert's testimony).

Plaintiff's bare claim—that the existence of multiple medical visits and surgeries in the record compels a finding of "disabling absenteeism"—has been rejected by courts. *Samantha R. v. Comm'r of Soc. Sec.*, No. 20-CV-440, 2021 WL 2820987, at *5 (W.D.N.Y. July 7, 2021); *see*

---

[3] Plaintiff also argues that the Appeals Council erred by failing to consider a treatment note that he submitted after the ALJ rendered the decision. *See* ECF No. 11-1 at 28-30. Even assuming, as Plaintiff argues, that the Appeals Council erroneously concluded that this evidence did not relate to the period at issue, *see id.* at 29; Tr. 2, Plaintiff has not shown harmful error. The treatment note, which is from a January 2022 appointment, indicates that Plaintiff complained of "daily headaches" and "severe migraines a few times per week." Tr. 8. The medical provider concluded that Plaintiff met the criteria for chronic migraine and suggested Botox. Tr. 10. This evidence is duplicative of facts already in the record. *See* Tr. 107 (testifying that he suffered one-to-three migraines per week with daily headaches); Tr. 919 (considering Botox as a possible treatment if headaches were resistant to other therapies). Because there is no "reasonable probability that [this] additional evidence would change the outcome of the decision," 20 C.F.R. § 404.970(a)(5), the Appeals Council's putative error does not justify remand. *See Ramsey v. Comm'r of Soc. Sec.*, 830 F. App'x 37, 40 (2d Cir. 2020) (summary order).

*also, e.g.*, *Tammy B. v. Comm'r of Soc. Sec.*, No. 20-CV-44, 2021 WL 2155099, at *6 (W.D.N.Y. May 27, 2021); *Robbins v. Saul*, No. 18-CV-6592, 2020 WL 1445854, at *4 (W.D.N.Y. Mar. 25, 2020) (collecting cases). Since medical visits do not necessarily take a whole day, and many can be scheduled outside working hours, more specific evidence is required to establish that a claimant's treatment regimen necessitates an intolerable number of full-day absences. *See Tammy B.*, 2021 WL 2155099, at *6. Moreover, because "[a]n RFC determination is intended to represent a claimant's maximum ability to perform certain functions and abilities throughout a certain period of time on a regular and continuous basis, and does not represent discrete periods of time related to every fluctuation in a claimant's condition," reduced functioning in connection with a surgery does not necessarily "represent an indication of [a claimant's] ongoing or usual need for absences." *Albert P. v. Comm'r of Soc. Sec.*, No. 21-CV-1113, 2023 WL 2306687, at *7 (N.D.N.Y. Mar. 1, 2023).

Here, Plaintiff merely cites his past medical history of multiple appointments and surgeries. *See* ECF No. 11-1 at 27-28. As the above cases establish, this is insufficient to prove excessive absenteeism due to treatment. In addition, to obtain remand, Plaintiff would need to do more than provide *some* evidence that his treatment would interfere with his ability to attend work. He must show that the *only* reasonable inference from the record is that his treatment regimen necessitates four or more absences per month. *See Bonet v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (summary order) (stating that unless "a reasonable factfinder would have to conclude otherwise," the district court must defer to the ALJ's factfinding). Plaintiff has not developed such an argument in his brief. Therefore, the Court cannot conclude that remand is warranted on this basis.

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 14) is GRANTED, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 11) is DENIED.  The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: January 23, 2024
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York